07-5516-cv
Richards v. Gasparino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of April, two thousand ten.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges,*
> TIMOTHY C. STANCEU,[*]
> > *Judge.*

_____

Sandra Richards,

> *Plaintiff-Appellant,*

v.                                                                        No. 07-5516-cv

Richard Gasparino, Adela Quito

> Defendants-Appellees.

_____

For Appellant:                        SANDRA D. RICHARDS, *pro se*,
                                              Norwalk, CT.

For Appellees:                        H. JEFFREY BECK, Stratford, CT.

_____

[*]Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

JAMES V. MINOR, City of Stamford Law Department, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

UPON DUE CONSIDERATION, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sandra D. Richards appeals *pro se* from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*) dated November 7, 2007, granting summary judgment to the Defendants-Appellees and dismissing Richards's complaint. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).

Plaintiff-Appellant Richards brought a claim under 42 U.S.C. § 1983 arguing that Defendant-Appellee Gasparino is liable for false arrest, which the district court dismissed on the ground of qualified immunity. Richards also brought a claim under state law arguing that Defendant-Appellee Quito is liable for malicious prosecution, which the district court dismissed as a matter of law.

**1.      Qualified Immunity**

"[P]ublic officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe

2

their acts did not violate those rights." *Weyant v. Okst*, 101 F.3d 845, 857 (2d Cir. 1996). "In the context of a qualified immunity defense to an allegation of false arrest, the defending officer need only show 'arguable' probable cause." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002). "An officer has probable cause to arrest when in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 128 (2d Cir. 1997). A district court should look to the "totality of the circumstances" in determining whether probable cause existed at the time of arrest. *Caldarola*, 298 F.3d at 162.

Here, Gasparino's knowledge of Richards's past behavior, based on a prior December 2003 arrest, along with his observations at Richards's apartment on the date of the January 2004 arrest, provided sufficient information to lead Gasparino reasonably to believe that Richards had arguably committed the crime of risk of injury to a minor. Accordingly, the district court correctly determined that Gasparino was entitled to qualified immunity and granted him summary judgment.

### 2. Malicious Prosecution

Under Connecticut law, in order to establish the tort of malicious prosecution, a plaintiff must prove, *inter alia*, that "the defendant initiated or procured the institution of criminal proceedings against the plaintiff." *Karwowski v. Fardy*, 984 A.2d 776, 781-82 (Conn. 2009) (internal quotation marks omitted). "A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution." *McHale v. W.B.S. Corp.*, 446 A.2d 815, 817 (Conn. 1982). However, where a person "has

undertaken no more than to provide potentially incriminating information to a public officer[,] . . . made a full and truthful disclosure[,] and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution." *Id.*

Here, the undisputed facts clearly establish that Quito did no more than provide Gasparino with information that one of her tenants had reported the "strong odor of gas" in the building where Richards's apartment was located. Gasparino's decision to arrest Richards was based on his independent investigation of the circumstances surrounding the gas leak. Because those facts preclude a claim of malicious prosecution, summary judgment in favor of Quito was proper.

We have considered all of Richards's arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk